UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MEZA, | No. 2:23-cv-2748 DAD KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHRISTIAN PFEIFFER, | |
| Respondent.[1] | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss. (ECF No. 24.) For the reasons stated herein, the undersigned recommends that respondent's motion to dismiss be granted.

Legal Standard for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases; see also

---

[1] Petitioner named R. St. Andre as the respondent. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242. The Warden of Kern Valley State Prison ("KVSP"), where petitioner is incarcerated, is Christian Pfeiffer. (ECF No. 24 at 12.) Accordingly, the undersigned substitutes Christian Pfeiffer as the proper respondent in this matter pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed.  See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008).  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

Petitioner's Claims

Petitioner claims that the California Department of Corrections and Rehabilitation ("CDCR") miscalculated his sentence by improperly finding that petitioner must serve a two years sentence for an in prison offense.  Petitioner claims that CDCR intends to hold him past his March 8, 2024 release date based on the alleged sentence miscalculation.  The background to this claim follows herein.

In 2008, petitioner was convicted of attempted murder with a street gang activity enhancement. (ECF No. 1 at 7; ECF No. 25 at 7.)  Petitioner was sentenced to 17 years imprisonment. (ECF No. 1 at 34; ECF No. 25 at 7.)  Petitioner alleges that the release date for these offenses is March 8, 2024.

In 2016, petitioner was convicted of assault with a deadly weapon and sentenced to two years imprisonment, apparently consecutive to the 17 years sentence he received in 2008. (ECF No. 1 at 2; ECF No. 25 at 6.)  Petitioner committed this offense in 2015, i.e., while he was in prison. (ECF No. 25 at 6.)

Petitioner alleges that CDCR wrongly found that he must serve the two years sentence for his in prison offense.  Petitioner argues that he is not required to serve his two years sentence for

his in prison offense, which he refers to as his Tate Term, because he is a youth offender. (ECF No. 1 at 3.) In support of this claim, petitioner cites a transcript from his August 20, 2021 youth offender parole hearing, attached to the petition, and California Senate Bill ("SB") 483. (Id. at 3.)

Discussion—Motion to Dismiss

*Failure to Name Proper Respondent*

Respondent first moves to dismiss this action on the grounds that petitioner failed to name the proper respondent. As discussed above, the undersigned substituted KVSP Warden Christian Pfeiffer as the proper respondent. Accordingly, respondent's motion to dismiss on these grounds should be denied.

*Failure to State a Cognizable Claim*

Respondent moves to dismiss the petition on the grounds that petitioner alleges violations of state law only.

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

The undersigned clarifies petitioner's reference to a Tate Term. As noted by respondent, petitioner refers to In re Tate, 135 Cal.App.4th 756 (2006). In re Tate addressed the calculation of work time credit for offenses committed in prison. "The inmate in Tate was originally incarcerated for a violent felony, which limited the accrual of worktime credit to 15 percent of his sentence." In re Trejo, 10 Cal.App.5th 972, 991 (2017) (citing In re Tate, 135 Cal.App. at 758-759). "When he was subsequently sentenced to a consecutive term for a nonviolent in-prison offense, the Department applied the 15 percent limitation to this sentence as well, rather than the

3

usual rule of 50 percent credit accrual." Id. (citing In re Tate, 135 Cal.App. at 759). "Contrary to the Department's view that the consecutive sentence merged into a single aggregate term subject to the 15 percent limitation required for the original sentence, Tate held that the sentence under section 1170.1, subdivision (c), was a separate term that did not begin until the inmate had completed the original sentence." Id. (citing In re Tate, 135 Cal.App.4th at 765.) "Consequently, when the inmate began serving the consecutive term, he was no longer serving time for a violent offense and therefore not subject to the 15 percent limitation." Id. (citing In re Tate, 135 Cal.App. at 765).

Petitioner does not allege that CDCR misapplied work time credits, as discussed in In re Tate. Therefore, In re Tate is not relevant to petitioner's claim that he is not required to serve the sentence for his in prison offense because he is a youth offender. However, it is clear that by referring to his Tate Term, petitioner refers to his two years sentence for his in prison offense.

Under California law, as correctly identified by respondent, a youth offender parole hearing is a hearing by the Board of Prison Hearings ("BPH") for the purpose of reviewing parole suitability of any prisoner who was under 25 years old at the time of the controlling offense. Cal. Pen. Code § 3051(a)(1). If an individual is found suitable for parole at a youth offender parole hearing, that individual will be released on parole irrespective of any remaining consecutive sentence for an in prison offense. In re Trejo, 10 Cal.App.5th at 983-84 (upon a finding of suitability of parole under the youth offender statute, the incarcerated individual is not required to serve a consecutive determinate term for an in prison offense when the in prison offense was committed when the individual was a youth offender); In re Williams, 24 Cal.App.5th 794, 803-04 (2018) (an individual who is found suitable for parole under youth offender statute is entitled to be released on parole without serving consecutive sentence for in prison offense).

The undersigned agrees with respondent that petitioner's claim that CDCR wrongly calculated his sentence to include his two years sentence for his in prison offense raises a claim involving the interpretation and application of state law. For the reasons stated herein, the undersigned also finds that CDCR did not err in finding that petitioner must serve his two years sentence for his in prison offense.

4

According to the state law discussed above, individuals found suitable for parole as youth offenders are not required to serve consecutive sentences for in prison offenses. The transcript from petitioner's August 20, 2021 youth offender parole hearing indicates that petitioner was found unsuitable for parole.[2] (ECF No. 1 at 8.) Petitioner does not claim he was found suitable for parole as a youth offender after August 20, 2021. Therefore, petitioner is required to serve his two years sentence for his in prison offense because he has not been suitable for parole as a youth offender. Accordingly, the undersigned finds no misapplication of state sentencing laws that violate fundamental fairness.

During petitioner's August 20, 2021 youth offender parole hearing, Presiding Commissioner Cassady appeared to advise petitioner that he would not serve his sentence for his in prison offense, which Presiding Commissioner Cassady also referred to as a Tate Term, regardless of whether petitioner was found suitable for parole as a youth offender:

> Petitioner: So, okay. That, that's, that's what I don't understand. I have to be found suitable to not serve the Tate Term?
>
> Presiding Commissioner Cassady: No. You're a juvenile and you won't serve it.
>
> Petitioner: Oh, okay.
>
> Presiding Commissioner Cassady: Okay? That's part of the youthful factor.
>
> Petitioner: I have, I have to be found suitable or it doesn't matter?
>
> Presiding Commissioner Cassady: Doesn't matter.
>
> Petitioner: Inaudible.
>
> Presiding Commissioner Cassady: Nope. You're a, that's part of the youth offender. Okay?
>
> Petitioner: Thank you

(Id. at 16.)

////

---

[2] The transcript from the decision in petitioner's August 20, 2021 parole hearing states, "…Mr. Meza qualifies as a youthful offender pursuant to Penal Code, section 3051…" (ECF No. 1 at 7.) Therefore, the transcript makes clear that the August 20, 2021 hearing was a youth offender parole hearing.

As discussed above, under California law, juvenile offenders found suitable for parole are not required to serve consecutive sentences for offenses committed in prison. Because petitioner has not been found suitable for parole, he is required to serve his two years sentence for his in prison offense. The undersigned finds that Presiding Commissioner Cassady misspoke when she told petitioner that he was not required to serve his two years sentence for his in prison offense regardless of whether he was found suitable for parole.

Petitioner also cites SB 483 in support of his claim that he is not required to serve the two years sentence for his in prison offense. In his opposition, petitioner states that he is not relying on SB 483. (ECF No. 25 at 2.) Nevertheless, in an abundance of caution, the undersigned herein finds that SB 483 is inapplicable to petitioner's claim.

"Prior to January 1, 2020, section 667.5, subdivision (b) [of the California Penal Code] required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." People v. Burgess, 86 Cal. App. 5th 375, 379-80 (2022) (citing former Cal. Penal Code § 667.5(b)). Effective January 1, 2020, the statute was amended to provide that prior prison term enhancements were available only for prior terms for sexually violent offenses and "[e]nhancements based on prior prison terms served for other offenses became legally invalid." Id. (citations omitted). The amendment was applicable retroactively only to those cases not yet final on the date the amendment went into effect. Id. at 380. (citation omitted). Senate Bill 483 made the repeal of the sentencing enhancements applicable retroactively to any person currently serving a term on the repealed enhancements and amended the law to provide a process for identifying affected individuals and processing their recall and resentencing. Id. at 380-81.

SB 483 concerns the retroactive application of repealed sentence enhancements. Accordingly, the undersigned finds that SB is unrelated to petitioner's claim that he is not required to serve the two years sentence for his in prison offense.

For the reasons discussed above, the undersigned recommends that respondent's motion to dismiss on the grounds that petitioner fails to raise a federal claim be granted.

*Failure to Exhaust State Court Remedies*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Respondent moves to dismiss this action on the grounds that petitioner failed to meet his burden of demonstrating exhaustion of state court remedies. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972). Respondent argues that while petitioner claims he filed petitions in the Lassen County Superior Court and California Supreme Court, and received denials in July 2023, petitioner failed to provide the court with case numbers, the issues he raised, and failed to attach an order from the California Supreme Court establishing exhaustion. (ECF No. 24 at 5-6.)

In the opposition, petitioner alleges that he "first went" to the Lassen County Superior Court. (ECF No. 25 at 4.) Petitioner alleges that on July 20, 2023, he received notice from the Lassen County Superior Court that CDCR had to resolve the issue. (Id.) Petitioner interpreted the Lassen County Superior Court's order as a denial and filed the instant petition. (Id.) Petitioner alleges that he appealed everything that can be appealed with CDCR. (Id.) Petitioner filed the instant petition on August 4, 2023. (ECF No. 1.)

Petitioner's opposition makes clear that he failed to present the claims raised in the instant petition to the California Supreme Court. Therefore, petitioner failed to exhaust state court remedies. Accordingly, the undersigned recommends that respondent's motion to dismiss on the grounds that petitioner failed to exhaust state court remedies be granted.

////

////

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 24) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Meza2748.157