UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MEZA,<br><br>                    Petitioner,<br><br>        v.<br><br>R. ST. ANDRE,<br><br>                    Respondent. | No.  2:23-cv-02748-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 24, 26) |

Petitioner Joaquin Meza is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 6, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 24) be granted due to petitioner's failure to first exhaust his claims before the highest state court before presentation to this federal court and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2254.  (Doc. No. 26 at 3–7.)  The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 8.)

On February 20, 2024, petitioner filed objections to the pending findings and recommendations.  (Doc. No. 27.)  However, those objections addressed only the magistrate

1  judge's determination that petitioner did not state a cognizable claim for federal habeas relief;
2  they did not address the conclusion that petitioner failed to first exhaust his claims by presenting
3  them to the state's highest court.  (*See id.*)  Petitioner's failure to first exhaust his claims in state
4  court provides a clearly sufficient basis upon which to adopt the pending findings and
5  recommendations and the recommendation that respondent's motion to dismiss be granted.  In
6  order to expedite the undersigned's consideration of the findings and recommendations, they will
7  be adopted on the ground of petitioner's failure to exhaust his claims in state court.[1]

8  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
10 pending findings and recommendations are supported by the record and proper analysis.

11 Having concluded that the pending petition must be dismissed, the court also declines to
12 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
13 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
14 *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
15 only issue a certificate of appealability when a petitioner makes a substantial showing of the
16 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
17 relief on procedural grounds without reaching the underlying constitutional claims, the court
18 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
19 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
20 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
21 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
22 would not find the court's determination that the pending petition must be dismissed to be
23 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.
24 /////

---

[1] Although the court now grants respondent's motion to dismiss based solely upon petitioner's failure to exhaust his claim in state court, it does appear likely that in challenging the calculation of his sentence by CDCR, petitioner also fails to state a cognizable claim for federal habeas relief. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (holding that California state enhancement provisions involve questions of state law not subject to federal habeas corpus review).

Accordingly,

1. The findings and recommendations issued on February 6, 2024 (Doc. No. 26) are adopted to the extent they are based on the findings that petitioner failed to first exhaust his claim for relief by presenting it to the highest state court;

2. Respondent's motion to dismiss the petition (Doc. No. 24) is granted;

3. The operative petition for writ of habeas corpus (Doc. No. 1) is dismissed;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 8, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE